### *In re* BROWNELL STREET.

### *In re* VILLAGE OF EDGEWATER.

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

OPENING STREET—DEFAULT OF LAND-OWNER—RECOMMITTAL OF REPORT—COSTS.

Where a land-owner fails to appear before the commissioners of estimate in proceedings to open a street, and afterwards moves to open his default, and send back the report of the commissioners for review, without explaining his default, the motion should not be granted, except on payment of costs.

Appeal from special term, Kings county.

Proceedings for the opening and extension of Brownell street, in the village of Edgewater. From so much of an order sending back the report of commissioners of estimate and assessment, on the application of the Marine Society of the city of New York, as imposes on said society the payment of costs as a condition of recommittal, it appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Geo. J. Greenfield*, for appellant. *S. D. Stephens*, (*Wm. M. Mullen*, of counsel,) for respondent.

BARNARD, P. J. Brownell street, extended, as proposed by the village of Edgewater, goes through the lands of the Marine Society of the city of New York. The proceedings were entirely regular. The Marine Society did not appear before the commissioners of estimate and assessment. After the commissioners had reported, the Marine Society applied to the court at special term to open the default of the Marine Society, and to send back the report of the commissioners, with directions to review the assessment made against the society for benefits resulting from the opening of the street. The court granted the motion to send back the report, upon condition that the Marine Society pay the costs of the former hearing. The default is wholly unexplained. The owner is silent while expensive proceedings are progressing, and, when the assessment for benefits is deemed too large, a motion is made that the report be sent back to review the assessment. The imposition of the costs of the former hearing and report is in accordance with the usual rule in cases of default. The party applying to set aside adjudication must pay the expenses incurred in obtaining it. It is apparent that the whole proceedings must be gone over anew. The commissioners were appointed on the application of those persons who are liable to assessment. This was in accordance with the village charter. The award made by a commissioner so appointed is held invalid by the court of appeals. *Menges* v. *City of Albany*, 56 N. Y. 374. The selection of three new commissioners by the court was wise, and should be upheld. The moving party will get a review of the case, and a good award in law thereby. The order should therefore be affirmed, with costs and disbursements. All concur.